Judge Gkaham
delivered, tlie opinion of the Court.
This is an action of replevin, by John B. Smith.against Squires, &c.s for taking some horses, which the.plaintiff " *34 avers to be his property,, taken from his possession by the defendants. The defendants plead not guilty, but, by agreement, leave was given to either party to give in evidence, any matter which might be specially pleaded. The facts, so far as it is necessary now to notice them, are, that the horses sued for, had, together with other property, been mortgaged by Willis T. Smith to his father, John B. Smith, and were afterwards delivered into the possession of the mortgagee, who took them home with him and occasionally used them, (as did also said Willis.) The horses were taken to Paris by the parties to the mortgage for the purpose of sale, and whilst in the stable of the tavern keeper, were levied upon by Squires, a Constable, by virtue of executions in his hands, in favor of his co-defendants, against the estate of Willis T. Smith, the levy being made by their direction. The Constable made the levy, and w’hen asked by the the counsel of John B. Smith as to the nature and object of his levy, declared that they had levied upon the horses as the property of Willis Smith, and, as such, intended to sell them, in disregard and defiance of the mortgage.
This action was then commenced, and the property restored to the plaintiff, the mortgagee.
The Court, at the instance of Smith, instructed the jury that if the horses in contest were the same mentioned in the mortgage, and the possession of them had been surrendered by W. T. Smith to plaintiff, under the mortgage, before the issuing of the execution, and were in plaintiff’s possession at the time of the levy, and that the defendant, Squires, by direction of the other defendants, levied on said horses for the avowed purpose of selling, in disregard of the mortgage, and not for the purpose of selling the equity of redemption, they should find a verdict for the plaintiff.
The propriety of giving this instruction is the principal matter to be now settled. It will not be amiss, to advert briefly to some former adjudications of this Court on kindred questions of law. In the case of McIsaacs vs Hobbs, (8 Dana, 271,) where the mortgagee had pos *35 session of the property at the time it was levied on by an officer, under execution against the mortgagor, this , . , , , . , , Court said that where the levy recognizes the mortgage, and the property is seized for the mere purpose of selling the mortgagor’s interest according to the statute, the taking is clearly lawful, and the remedy by replevin, which only lies for an unlawful taking, is inapplicable. The Court did not admit that the mere failure of the officer to recognize the mortgage in making the levy would constitute the seizure an unlawful taking; but waived the question, (as not necessary then to be decided,) whether a levy, made in open defiance of the mortgage, and with the avowed intention of disregarding it in the sale, would authorize this proceeding before an attempt or offer to make the sale in that way. In the case of Fugate vs Clarkson, (2 B. Monroe, 41,) where the mortgagee was entitled to the possession of property remaining with his mortgagor, it was determined that the action could not be maintained against an officer, who, though apprised of the mortgage, had taken it under afi. fa., as the absolute property of the mortgagor, and had avowed his determination to sell it without regard to the mortgagee’s claim of title.
The !e.vy of an execution upon personal pvoperwhether^m^fhé or mortgagee is lawful, and the declaration of hee .fiends th?o peuy does not render the lair mg unlawful and augagee6toSp?o°sej¿pjee3j1I¡aotíon‘of
The question reserved in McIsaacs vs Hobbs is now , . , , . . , , , to be settled; and in review of the cases cited, we think the principles therein asserted fully determine this case, That the officer, with a in his hands against the estate of the mortgagor, has authority to levy it upon , , ° ° . , J , 1 the mortgaged property in the possession oí the mortgagee, was determined in the case first quoted, and cannot be doubted. He. has a right to take. Can his declaration that he takes in defiance and disregard of , i i t . i ii i the mortgage, and that he intends to sell the property, absolutely, and not subject to the mortgage, make that act illegal, which, but for such declaration, would be lawful ? We think not. Declarations of intention and motive affect very materially the question of innocence or guilt in criminal offences, but are, by no means, an unerring test of the legality of an act in such a case as this. In the case of Swigert vs Thomas, (7 Dana, *36 223,) it is said that whatever may have been. Swigert’s motive or object in taking the property, yet if as agent of the mortgagees he could have legally taken the slaves from Thomas, that authority should protect him; and, as was said by the Court, in Fugate vs Clarkson, (supra,) the officer’s “ expressed determination to disregard the mortgage cannot be judicially recognized as an illegal act,^or that he had violated the law in ta-, king the property, or would violate it in the sale.”
W. O, Sp T. P. Smith for plaintiffs; Davis for defendant,
It seems to us that the fi. fa, in the hands of the officer justified him in taking the property, and that the action of replevin cannot at present be maintained, He may, as he has a right to do, change his intentions before he sells, and may sell subject to the mortgage, as he ought to do if the mortgage is in good faith. After the sale, the mortgagee’s rights and remedies have been clearly pointed out in the cases cited in this opinion.
As the instructions given to the jury, and the verdict of the jury, were inconsistent with this opinion, the judgment of the Circuit Court is therefore reversed, and cause remanded with directions to set aside the verdict and judgment, and grant the defendants a new trial without costs, and for other proceedings not inconsistent with this opinion.